IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2006 DEC 20 A 9: 18

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| NAOMI McCRAY, | * |
| Plaintiff, | * |
| v. | * Civil Action No. 1:06-CV-1123-MEF |
| WAL-MART STORES, INC., | * |
| Defendants. | * JURY DEMAND |

COMPLAINT

## I. INTRODUCTION

1. This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Act of Congress commonly known as "The Civil Rights Act of 1964," 42 U.S.C. § 2000(e) et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a (hereinafter "Title VII"), and 42 U.S.C. § 1981 and the United States Constitution, which provide for relief against discrimination in employment on the basis of race and retaliation related thereto. The plaintiff seeks compensatory and punitive damages, and requests a trial by jury of all issues triable by a jury. The plaintiff asserts her claims for relief for the defendant's violations of Title VII, §1981, and the Equal Protection Clause of the Unites States Constitution via 42 U.S.C. §1983. Further, the plaintiff seeks attorneys' fees pursuant to 42 U.S.C. § 1988.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4); 28 U.S.C. §§ 2201 and 2202 and 42 U.S.C. § 2000e-5(f)(3). Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367.

3. A substantial portion of the unlawful employment practices alleged hereinbelow were committed by the Defendants within Houston County, Alabama. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(g).

4. The Plaintiff requests a jury trial on all issues pursuant to 42 U.S.C § 1981a.

## III. PARTIES

5. Plaintiff, Naomi McCray, is a female citizen of the United States, and a resident of the State of Alabama. Ms. McCray is a former employee of the Defendant, Wal-Mart Stores, Inc.

6. Defendant, Wal-Mart Stores, Inc. (hereinafter "Wal-Mart") is an employer within the meaning of 42 U.S.C. § 2000e(a) and (b). At all times relevant to this action, Wal-Mart has employed at least fifteen (15) or more employees.

## IV. ADMINISTRATIVE EXHAUSTION

7. The Plaintiff has satisfied all conditions precedent required pursuant to Title VII.

8. On or about June 11, 2006, the Plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunities Commission, the "EEOC", (Charge #420-2006-03254), in which she complained that the Defendant subjected her to racial discrimination, harassment, and retaliation in relation to the terms, conditions and benefits of her employment.

9. Plaintiff subsequently received an authorization to file a private action and is filing this complaint within ninety (90) days of receiving this authorization.

## V. STATEMENT OF FACTS AND CLAIMS

10. Plaintiff re-alleges and incorporates by reference paragraphs 1-9 above with the same force and effect as if fully set out in specific detail hereinbelow.

11.   On or about April 23, 1996, Plaintiff began working for Wal-Mart as a cashier. Plaintiff was employed with Wal-Mart for approximately ten (10) years until her termination on or about June 2, 2006.

12.   Throughout Plaintiff's employment, she was subjected to a racially hostile and discriminatory environment, including, but not limited to, the following actions: being treated in a demeaning and discriminatory manner; being paid less than white employees hired after her; not receiving adequate training; having her hours cut; not being considered for promotions and/or management positions; being disciplined for the same or similar actions for which white employees were not disciplined; being falsely accused of stealing; and on June 2, 2006, she was discriminatorily terminated.

13.   When she was hired, Plaintiff was informed that Wal-Mart had an "open door" policy for employees who had questions and/or complaints. Throughout her employment, Plaintiff encountered obstacles and immediate retaliation whenever she attempted to utilize the "open door" policy to protect her rights and to voice her complaints regarding racial discrimination. Plaintiff made complaints to her Supervisor, the Store Manager, the District Manager and the Home Office. Plaintiff's complaints were not investigated; instead, Wal-Mart retaliated against her and continued to discriminate against her. Following her complaints to management, Plaintiff's hours were cut, she was written up for the same or similar actions for which white employees were not written up, and ultimately, she was terminated because of her race.

14.   Because she opposed racial discrimination, Plaintiff was not considered for promotions during her employment although she applied for several Department Manager positions.

On one occasion, Plaintiff asked the Store Manager what she needed to do to become a Department Manager and he responded that he would never allow her to become a department manager.

15. Additionally, Plaintiff was not afforded the same benefits as the white employees with regards to work schedules and pay. Wal-Mart refused to accommodate Plaintiff's schedule change requests; however, white employees were allowed to change or "set" their schedules. On or about August 2005, Plaintiff was completely left off of the schedule despite the fact that she had been employed with Wal-Mart for approximately nine (9) years. Further, the white employees hired after Plaintiff for the same or similar positions were paid more than Plaintiff.

16. Wal-Mart's racial discrimination, harassment and retaliation culminated in Plaintiff's termination on or about June 2, 2006. Plaintiff was called to the office by Joe Faulk and accused of stealing an oil change. Although Plaintiff tried to explain that she had paid for the oil change, Faulk continued to badger and demean her. Faulk told the Plaintiff that, similar to white employees who had forgotten to pay for prescriptions when they picked them up from the pharmacy, Wal-Mart had given Plaintiff an opportunity to remedy her situation by calling her at home on two occasions; however, she had not returned their calls or taken care of the situation. Plaintiff never received any phone calls at home regarding an oil change, nor did Wal-Mart attempt to talk to her while she was at work, prior to this occasion, regarding any oil change. Faulk finally determined that Plaintiff did, in fact, pay for the oil change in May, by accessing the use of her discount card. He then left her in his office to go to the Personnel Office. Approximately ten to fifteen minutes later, Faulk returned and informed Plaintiff that he had been mistaken and the oil change in question actually took place on or about February 20, 2006. He then informed Plaintiff that Mary McKenzie needed to see her. When Plaintiff met with McKenzie, she was told she was being terminated. Plaintiff was not given

an opportunity to respond to the accusations being made against her and was not even sure she had an oil change in February. Further, unlike white employees who were given an opportunity to pay for prescriptions that were inadvertently taken out of the store without payment, Plaintiff was immediately terminated. Plaintiff's termination was a result of her complaints of racial discrimination, harassment and retaliation and was based, at least in part, on her race. Additionally, a review of Plaintiff's automobile service history, indicates that Plaintiff did not have an oil change in February 2006; a fact that Faulk and/or Wal-Mart was well aware of when Plaintiff was terminated.

17. The racially hostile work environment and discrimination was so severe and/or pervasive that it interfered with McCray's work

18. Defendant Wal-Mart, by and through its agents or supervisors engaged, authorized, ratified and condoned a pattern and practice of unlawful harassment and discrimination by allowing Plaintiff to be subjected to unwelcome, uninvited racial harassment, including but not limited to, being treated in a demeaning and discriminatory manner; being paid less than white employees hired after her; not receiving adequate training; having her hours cut; not being considered for promotions and/or management positions; being disciplined for the same or similar actions for which white employees were not disciplined; being falsely accused of stealing; and being terminated on or about June 2, 2006. The unwelcome racial harassment and discrimination created an intimidating, oppressive, hostile, and offensive work environment which interfered with Plaintiff's emotional and physical well being and her ability to perform her work. Defendant Wal-Mart had actual and constructive knowledge of this conduct, but failed to take all reasonable steps to prevent the racial

discrimination, harassment and retaliation from occurring and to protect Plaintiff from further harassment and discrimination.

## COUNT ONE: TITLE VII VIOLATIONS & 1981 VIOLATIONS
## RACIAL HARASSMENT AND DISCRIMINATION

19. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18 above with the same force and effect as if fully set out in specific detail herein below.

20. The Defendant intentionally and maliciously discriminated against the Plaintiff in the terms, conditions and benefits of her employment including training, promotions, wages, assignment of job duties, discipline, and subjecting Plaintiff to a higher level of scrutiny than other white co-workers, at least in part, on the basis of her race, African American. Defendant Wal-Mart knew, or should have known, of the racial discrimination, harassment and retaliation of the Plaintiff and did not take prompt, effective, remedial action.

21. Defendants engaged in a pattern and practice of race discrimination in job assignments, training, promotions, wages, discipline, and other terms, conditions and privileges of employment and retaliated against Plaintiff in that the conduct was willful, malicious and in wanton disregard of Plaintiff's federally protected rights.

22. The conduct of the Defendant was so pervasive as to create a hostile working environment for the Plaintiff.

23. As the result of the Defendant's conduct, the Plaintiff was deprived of income and other benefits due her. Plaintiff also suffered embarrassment, humiliation, inconvenience, and mental distress.

24. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay (plus interest), an injunction, and compensatory and punitive damages is her only means of securing adequate relief.

25. Plaintiff is suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## COUNT II

### CLAIMS OF RETALIATION PURSUANT TO TITLE VII FOR OPPOSING RACIAL DISCRIMINATION

26. The Plaintiff re-alleges and incorporates by reference paragraphs 1- 25 above with the same force and effect as if fully set out in specific detail hereinbelow.

27. The Plaintiff made several, good faith complaints in opposition to racial discrimination against herself and other African-American employees.

28. As is discussed above, the Defendant subjected Plaintiff to retaliation at least in part for her opposition to race discrimination, by harassing her, demeaning her, and cutting her hours. Further, Plaintiff was ultimately terminated, in whole or in part, on or about June 2, 2006, for her said opposition to racial discrimination and because of her race, African American.

29. The Defendant's conduct was retaliation based, at least in part, on the Plaintiff's protected activities of opposing racial discrimination.

30. The Defendant engaged in the practices complained of herein with malice and/or with reckless indifference to the Plaintiff's federally protected rights.

31. The Defendants, as the employer of Plaintiff, failed to take any prompt and effective remedial action reasonably calculated to result in the prevention and/or remedy of the racial discrimination of Plaintiff.

32. Plaintiff suffered damages as a proximate result of these violations, which were caused by the Defendant's policy or custom and/or a failure to adequately train caused by deliberate indifference to the Plaintiff's rights and/or by deliberate indifference to those violations.

33. The Defendant thus has violated the proscriptions against racial discrimination and retaliation found in 42 U.S.C. §1981.

34. As the result of the Defendant's conduct, the Plaintiff was deprived of income and other employment benefits. She has also suffered embarrassment, humiliation, inconvenience, and mental distress.

35. Plaintiffs has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, an injunction, and compensatory and punitive damages is their only means of securing adequate relief.

36. Plaintiff is suffering and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Grant Plaintiff a declaratory judgment holding that actions of Defendant, Wal-Mart, described herein above violated and continue to violate the rights of the Plaintiff as secured by Title VII and §1981.

2.  Grant Plaintiff a permanent injunction enjoining Defendant Wal-Mart, it agents, successors, employees, attorneys and those action in concert with Defendant Wal-Mart and on Defendant Wal-Mart's behalf from continuing to violate Title VII and §1981.

3.  Grant the Plaintiff an Order requiring the Defendants to make the Plaintiff whole by awarding her the position she would have occupied in the absence of racial discrimination and retaliation (or front pay), backpay (plus interest), compensatory, punitive, and/or nominal damages, and loss of benefits.

4.  The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully submitted on this the _19th_ day of December, 2006.

_/s/ Bobbie S. Crook_
**BOBBIE S. CROOK (CRO-040)**
**Attorney for the Plaintiff**
367 South Saint Andrews Street
Dothan, AL 36301
(334) 671-8062

**OF COUNSEL:**

ANN C. ROBERTSON (ROB- )
TEMPLE D. TRUEBLOOD (TRU- )
**Attorney for the Plaintiff**
WIGGINS, CHILDS, QUINN & PANTAZIS, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 328-0640

**Plaintiff requests this Honorable Court to serve personally upon the named Defendants the following Summons and Complaint.**

**Defendants' Addresses:**

Registered Agent:   The Corporation Company
2000 Interstate Park Drive, Ste. 204
Montgomery, AL 36109

Wal-Mart Stores, Inc.
4310 Montgomery Highway
Dothan, AL 36303

*/s/ Bobbie S. Crook*
OF COUNSEL

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY.**

*/s/ Bobbie S. Crook*
Bobbie S. Crook