IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **NAOMI McCRAY,** | \* |
| Plaintiff, | \* |
| VS. | \* Civil Action No.: |
| **WAL-MART STORES, INC.,** | \* 1:06-CV-1123-MEF |
| Defendant. | \* |

## ANSWER

Defendant, Wal-Mart Stores, East, LP ("Wal-Mart"), incorrectly referred to in the Complaint as Wal-Mart Stores, Inc., answers the Complaint of Naomi McCray as follows:

**I.   INTRODUCTION.**

1.   Paragraph 1 does not require an answer of Wal-Mart. Wal-Mart denies that Plaintiff is entitled to any relief under any of the statutes cited.

**II.   JURISDICTION AND VENUE.**

2.   Admitted.

3.   Wal-Mart denies the allegations of Paragraph 3 except Wal-Mart admits that venue is proper in this Court.

4.   Paragraph 4 does not require an answer of Wal-Mart.

**III.   PARTIES.**

5.   Admitted.

6.   Admitted.

**IV.  ADMINISTRATIVE EXHAUSTION.**

7. Admitted only to the extent the Plaintiff's Title VII claims relate to her employment within the 180 days prior to her filing her EEOC Charge of Discrimination.

8. Admitted only to the extent the Plaintiff's Title VII claims relate to her employment within the 180 days prior to her filing her EEOC Charge of Discrimination.

9. Admitted on information and belief.

**V.  STATEMENT OF FACTS AND CLAIMS.**

10. Defendant Wal-Mart incorporates by reference its responses to Paragraphs 1 through 9, above.

11. Admitted.

12. Denied.

13. Denied, except admitted that Wal-Mart maintained and Plaintiff was aware of Wal-Mart's open door policy.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

**COUNT ONE:  TITLE VII VIOLATIONS & 1981 VIOLATIONS
RACIAL HARASSMENT AND DISCRIMINATION**

19. Defendant Wal-Mart incorporates by reference its responses to Paragraphs 1 through 18, above.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

2

24. Denied.

25. Denied.

### COUNT II:  CLAIMS OF RETALIATION PURSUANT TO TITLE VII FOR OPPOSING RACIAL DISCRIMINATION

26. Defendant Wal-Mart incorporates by reference its responses to Paragraphs 1 through 25, above.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Wal-Mart denies each allegation not otherwise admitted, controverted or specifically denied.

38. Wal-Mart denies that Plaintiff is entitled to any of the relief demanded in Paragraphs 1 through 4 of her Prayer for Relief, or that she is entitled to any relief at all on these allegations.

### DEFENSES

1. Plaintiff McCray failed to comply with the statutory prerequisites for a lawsuit under *Title VII of the Civil Rights Act of 1964*, 42 U.S.C. § 2000e-5, for any alleged unlawful employment practice arising more than 180 days before the date she filed her EEOC charge of discrimination.

2. Plaintiff McCray failed to comply with the statutory prerequisites for a lawsuit under *Title VII of the Civil Rights Act of 1964*, 42 U.S.C. § 2000e-5, for any

alleged unlawful employment practice that was neither alleged in her EEOC charge of discrimination nor within the scope of the EEOC's investigation of his charge.

    3.    The amount of any compensatory or punitive damages that McCray could recover on her claim under *Title VII of the Civil Rights Act of 1964*, as amended, is subject to the damage caps under 42 U.S.C. § 1981a(B)(3).

    4.    All decisions made concerning McCray's employment with Wal-Mart were made in good faith and based on legitimate non-discriminatory reasons.

    5.    Wal-Mart would have made the same employment decision regarding McCray even in the absence of the allegedly discriminatory or retaliatory motive.

    6.    Wal-Mart maintains an Equal Employment Opportunity Policy and makes good faith efforts to require all personnel to learn and to follow the policy. The policy prohibits all forms of discrimination and affords a complaint procedure for employees to procure prompt and appropriate remedial action if prohibited discrimination occurs. McCray unreasonably failed to utilize this procedure. Wal-Mart neither knew nor had reason to know of the alleged discrimination against McCray. To the extent justified, Defendants took prompt, remedial action.

    7.    McCray failed to mitigate her alleged damages.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Wal-Mart Stores, East, Inc. moves the Court, after due proceedings are had, to enter judgment in its favor, with prejudice, dismissing all allegations of Plaintiff's Complaint, taxing costs against the Plaintiff, and awarding to Defendant a reasonable attorneys' fee.

                    /s/ Jonathan S. Harbuck
                    JONATHAN S. HARBUCK
                    Attorney for Defendant
                    Wal-Mart Stores, East, Inc.

OF COUNSEL:
THE KULLMAN FIRM
600 University Park Place
Suite 340
Birmingham, Alabama 35209
Telephone:   (205) 871-5858
Facsimile:   (205) 871-5874

                    /s/ Elizabeth Darby Rehm
                    ELIZABETH DARBY REHM
                    Attorney for Defendant,
                    Wal-Mart Stores, East, Inc.

OF COUNSEL:
THE KULLMAN FIRM
63 S. Royal Street, Suite 1100
Post Office Box 1287
Mobile, Alabama 36633
Telephone:   (251) 432-1811
Facsimile:   (251) 433-1230

## **CERTIFICATE OF SERVICE**

    I hereby certify that on April 25, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Bobbie S. Crook, Esq.
367 South Saint Andrews Street
Dothan, Alabama 36301

Ann C. Robertson, Esq.
Temple D. Trueblood, Esq.
Wiggins, Childs, Quinn & Pantazis, P.C.
The Kress Building
301 19th Street, North
Birmingham, Alabama 35203

                                    /s/ Jonathan S. Harbuck
                                    JONATHAN S. HARBUCK