**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **NAOMI McCRAY,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO.:** |
| ) | **1:06-cv-1123-MEF** |
| **WAL MART STORES, EAST, L.P.,** ) | |
| ) | |
|     **Defendant.** ) | |

**JOINT MOTION FOR ENTRY OF
PROTECTIVE ORDER**

    Plaintiff and defendant in the above styled cause hereby jointly move this Honorable Court to enter the attached Protective Order. In support of this motion, the parties state as follows:

    1.    The above-named parties have jointly agreed to the entry of the attached order.

    2.    The plaintiff has requested production by the defendant, Wal-Mart Stores, East, L.P., of various items pertaining to several of its current and former employees. These documents contain confidential and/or proprietary information. The attached Protective Order will preserve the confidentiality of these documents.

    3.    After review of this Motion, counsel for the defendant has given plaintiff's counsel permission to submit his electronic signature to the Court as set out below.

    WHEREFORE, the parties jointly move the Court to enter the attached order.

    Respectfully submitted,

    s/ Temple D. Trueblood
    Temple D. Trueblood
    Ann C. Robertson
    Counsel for Plaintiff

OF COUNSEL:
WIGGINS, CHILDS, QUINN & PANTAZIS, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

CO-COUNSEL:
Bobbie S. Crook, Esq.
367 South St. Andrews Street
Dothan, Alabama 36301
(334) 671-8062

                                          s/ Jonathan S. Harbuck
                                          Jonathan S. Harbuck
                                          Counsel for Defendant

The Kullman Firm
600 University Park Place
Suite 340
Birmingham, Alabama 35209
(205) 871-5858


Elizabeth Darby Rehm
The Kullman Firm
63 S. Royal Street, Ste. 1100
Post Office Box 1287
Mobile, Alabama 36633
(251) 432-1811

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **NAOMI McCRAY,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO.:** |
| ) | **1:06-cv-1123-MEF** |
| **WAL MART STORES, EAST, L.P.,** ) | |
| ) | |
|     **Defendant.** ) | |

**PROTECTIVE ORDER**

    Pursuant to the Federal Rules of Civil Procedure 26(c), for good cause shown by agreement of all parties, it is hereby ORDERED:

    1.    The plaintiff has requested documents containing confidential personnel information regarding current and/or former employees of the defendant, Wal-Mart Stores, East, L.P. To protect the privacy interests of individuals not parties to this action, such documents, and only such documents, shall be treated as confidential under the terms of this Order, and those documents copied by or at the request of the plaintiff or her counsel shall be designated as "CONFIDENTIAL INFORMATION" in the manner set forth in this Order.

    2.    All documents designated "CONFIDENTIAL INFORMATION" shall be identified as confidential information by placing the word "CONFIDENTIAL" on the face of such documents.

    3.    The parties and their counsel shall not give, show, or otherwise divulge any CONFIDENTIAL INFORMATION produced in this action by the defendant, or the substance or contents thereof, or any copies or summaries thereof, to any entity or person except employees, experts and consultants employed or retained by the plaintiff's counsel in connection with this action; court personnel; court reporters; and persons noticed for depositions or potential trial

witnesses to the extent reasonably necessary in preparing to testify in this lawsuit. The parties and their counsel shall use the CONFIDENTIAL INFORMATION only for purposes of this litigation.

   4.  The employees, experts and consultants of the parties' counsel to which such CONFIDENTIAL INFORMATION is intended to be presented, shall first be presented with a copy of this protective order and instructed to read the same. These employees, experts and consultants shall use said CONFIDENTIAL INFORMATION only for the purposes of this litigation and shall not give, show or otherwise divulge any CONFIDENTIAL INFORMATION, or the substance or contents thereof, or any copies or summaries thereof, to any other entity or person without prior approval of Court.

   5.  Within 45 days of the final termination of this action, whether via completion of trial and any appeal in this action and the satisfaction of any judgment, or upon the conclusion of settlement of this action, all persons subject to this Order shall return to counsel for the defendant all CONFIDENTIAL INFORMATION, including any and all copies, prints, negatives or summaries thereof, and including any and all copies, prints, negatives and summaries in the possession of employees, experts or consultants employed or retained by the plaintiff's counsel, except those items compromising any appellate record, trial court record, privileged communications or attorney work product. The Defendant's counsel shall maintain all CONFIDENTIAL INFORMATION in a sealed envelope for a period of two (2) years after the final termination of this action for the sole purpose that said CONFIDENTIAL INFORMATION may be made available to counsel for plaintiff if a need arises for same in relation to any potential claims which may be asserted against plaintiff's counsel regarding the quality of legal representation of the plaintiff.

      6.      Before prior approval for further disclosure of CONFIDENTIAL INFORMATION is sought from the Court, counsel for the plaintiff must confer with counsel for the defendant and attempt to reach agreement on the extent of further disclosure. Counsel must advise the Court of their compliance with the preceding sentence and their agreement or lack thereof when prior approval for further disclosure is sought.

      7.      If Plaintiff or Plaintiff's counsel is served with a subpoena for any CONFIDENTIAL INFORMATION, the person served shall give to counsel for the defendant seven (7) days notice, or reasonable notice if the time for compliance with the subpoena is seven days or less after service, before producing any CONFIDENTIAL INFORMATION demanded in the subpoena.

      8.      Nothing in this Order shall prejudice the defendant's right to make any use of, or disclose to any person, any material each has designated as CONFIDENTIAL INFORMATION, during the course of their respective normal business operations, without prior Court order, or to waive the provisions of this Order with respect to any CONFIDENTIAL INFORMATION.

      9.      Nothing in this Order shall prevent or affect the right of any party to use any CONFIDENTIAL INFORMATION at trial; however, the parties will approach the Court regarding the procedures for handling CONFIDENTIAL INFORMATION prior to the commencement of trial.

      DONE and ORDERED this ___ day of _____, 2008.

                                                                                                    UNITED STATES DISTRICT JUDGE