IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NAOMI McCRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:06-cv-1123-MEF |
| | ) |
| WAL-MART STORES, INC., | ) |
| | ) |
| Defendant. | ) |

# **UNIFORM SCHEDULING ORDER**

The court has adopted a new scheduling order in light of the amendments to the **Federal Rules of Civil Procedure which became effective on December 1, 2000. Please read this order carefully. These deadlines and responsibilities may not be changed without leave of the court. All parties are expected to comply with each and every provision of this order in a timely manner, and extensions will be granted in only extraordinary unforeseeable circumstances. The parties are also expected to comply with the Middle District's Local Rules and the Middle District's Guidelines to Civil Discovery Practice, both of which can be found at http://www.almd.uscourts.gov/.**

Under Rule 16, Federal Rules of Civil Procedure, as amended, the Court is required to set a schedule for discovery and the filing of motions. Accordingly, it is
ORDERED by this Court as follows:

**SECTION 1.** The above civil action was filed on 20 December 2006, and assigned to a district judge. On 6 May 2008, the undersigned Magistrate Judge was assigned this case for all pretrial matters.
**THIS ORDER WILL NOT SET A TRIAL DATE**.
*Pretrial and Jury Trial*: The District Judge assigned to this case will enter an order setting a pretrial hearing and trial. The parties have been referred to the court's website: **http://www.almd.uscourts.gov/** for information regarding the civil trial terms. For purposes of this order, the undersigned Magistrate Judge has set the deadlines below based on a March 2009, Dothan (pretrial -- February 2009) trial term.

**SECTION 2.** Any dispositive motions, i.e., motions to dismiss or motions for summary judgment, shall be filed no later than **3 November 2008**. A brief and all supporting evidence shall

be filed with any such motion.  In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document.  Failure to make such specific reference will result in the evidence not being considered by the court.

**SECTION 3.**  On or before **18 December 2008**, counsel for all parties shall conduct a face-to-face settlement conference at which counsel shall engage in good faith settlement negotiations.  If settlement cannot be reached, counsel shall also discuss whether mediation will assist the parties in reaching settlement.  Not less than **FIVE (5) DAYS** after this conference, counsel for the plaintiff shall file a pleading titled "Notice Concerning Settlement Conference and Mediation."  This pleading shall indicate whether settlement was reached and, if not, whether the parties believe mediation will assist them in resolving this case short of trial.  Information about mediation is attached to this order.

**SECTION 4.**  The failure to file a response to any motion -- either dispositive or non-dispositive -- within the time allowed by the court shall indicate that there is no opposition to the motion.

**SECTION 5.**  All discovery shall be completed on or before 3 October 2008, except that, as to any witnesses whose names are not revealed until the last day allowed under SECTION 7 or whose names are not revealed with sufficient time for the other parties to take a deposition prior to the pretrial conference, the opposing party shall have the time extended in this paragraph to allow for deposing such witnesses.

**SECTION 6.**  The parties shall disclose to each other the identity of ANY person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence, and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involved giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, as follows:

From the plaintiff(s) -- 30 days before trial.

From the defendant(s) -- 30 days before trial.

The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony.

**SECTION 7.**  On or before 30 days prior to trial each party shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, exchange the names, addresses and telephone numbers of all witnesses, except witnesses solely for impeachment purposes, separately identifying those whom the party expects to present and those whom the party may call if the need arises.  The  witness list should include the names of any witnesses required to be disclosed under

Paragraph 8. Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from calling any witness not so identified.

**SECTION 8.** On or before 30 days prior to trial, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, identify any part of a deposition or other document that a party expects to use at trial. Adverse parties shall within **ONE WEEK THERE AFTER** identify any responsive parts of depositions expected to be used, and a party shall within **THREE DAYS** of the designation of such responsive parts designate any part which is desired as a rebuttal thereto. Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from using any part of a deposition or other document not so listed, with the exception of parts of depositions or documents to be used solely for the purpose of impeachment. Except to the extent written objections are served and filed within 15 days after receipt, each party shall be deemed to have agreed that one of the conditions for admissibility under Rule 32 of the Federal Rules of Civil Procedure is satisfied with respect to any such deposition and that there is no objection to the testimony so designated.

**SECTION 9.** On or before 45 days prior to trial, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, furnish opposing counsel for copying and inspection all exhibits or tangible evidence to be used at the trial, and proffering counsel shall have such evidence marked for identification prior to trial. Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of evidence to be used solely for the purpose of impeachment. <u>Except to the extent written objections are served and filed no later than 30 days prior to trial, the evidence shall be deemed genuine and admissible in evidence. The written objections shall set forth the grounds and legal authorities. All trial exhibits must be premarked prior to trial.</u>

**SECTION 10:** *If a jury trial*: The parties shall file any requested voir dire questions, motions in limine fully briefed, and any proposed jury instructions, together with citations of law thereon, **ON OR BEFORE TWO WEEKS PRIOR TO THE TRIAL DATE UNLESS SAID TIME IS SHORTENED BY THE COURT ON MOTION OF EITHER PARTY.** Trial counsel are **DIRECTED** to review the jury questionnaire used in this court and to avoid any duplication of matters addressed therein in their voir dire questions. The jury questionnaire is available on the court's website at http://www.almd.uscourts.gov/juryinfo.htm.

**SECTION 11.** In cases involving jury trials, the term **TRIAL DATE** as used in the foregoing deadlines shall mean the date set for jury selection.

**SECTION 12**. If any party has an objection to these deadlines, the party should inform the Court within **14** days from the date of this Order; otherwise, the Court will assume that the deadlines are agreeable to all parties. Unless this Order be modified by subsequent Order of the Court, the

provisions set out are binding on the parties.

DONE this 6th day of August, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE