IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

NAOMI McCRAY,                          )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )   CASE NO. 1:06-cv-1123-MEF
                                       )
WAL-MART STORES, INC.,                 )
                                       )
        Defendant.                     )

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Application to Proceed Without Prepaying

Fees or Costs (Doc. # 77) filed on March 9, 2009, by Naomi McCray ("Plaintiff").

28 U.S.C. § 1915 ("section 1915") provides this Court with authority for granting

plaintiffs permission to proceed without prepayment of fees and costs. *See also Troville*

*v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (affirming the application of section 1915's

provisions to a non-prisoner's complaint). "In order to authorize a litigant to proceed *in*

*forma pauperis*, the court must make two determinations: first, whether the litigant is

unable to pay the costs of commencing this action; and second, whether the action in

frivolous or malicious." *Dycus v. Astrue*, No. CA 08-0727-KD-C, 2009 WL 47497, at *1

(S.D. Ala. 2009).     An application to proceed *in forma pauperis* may be denied if the

plaintiff either fails to satisfy the poverty requirement or if plaintiff's claim is frivolous.

*Martinez v. Kristi Kleaner's Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004); *see also Attwood*

*v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) ( stating that a court 'may dismiss the

case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious).

## A. Procedural history

On December 20, 2006, Plaintiff filed a Complaint (Doc. #1) against Wal-Mart Stores, Inc. ("Defendant"), alleging violations of 42 U.S.C. § 1983, 42 U.S.C. § 1981, and Title VII.  Defendant filed a Motion for Judgment on the Pleadings (Doc. #40) and a Motion for Summary Judgment (Doc. #42) on December 1, 2008.

On March 17, 2009, this Court adopted the Recommendation of the Magistrate Judge (Doc. #67), filed on February 23, 2009, which granted Defendant's Motion for Judgment on the Pleadings and Motion for Summary Judgment.  *See* Doc. # 72.  Several of Plaintiff's claims were barred by statutes of limitations and she was unable to provide evidence of a *prima facie* case for her remaining claims.

## B. Section 1915 requirements

### i. Indigent status

Section 1915 ensures that indigent persons will have equal access to the judicial system.  *Atwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997).  A plaintiff need not show that she is "absolutely destitute" to qualify for indigent status under section 1915.  *Martinez v. Kristi Kleaner's Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).  Instead, courts should consider the plaintiff's financial situation, including fiscal debts, obligations, dependants, income, and assets in determining whether to grant or deny an application to

proceed *in forma pauperis*.  *Id.*

In Plaintiff's Application to Proceed in District Court Without Prepaying Fees of Costs (Doc. #77), Plaintiff indicated that she is unemployed and takes home $129.00 in unemployment every week.  She also indicated that she owns a car and a house, together valued at $33,025.00, has debts totaling $18,240.00, and monthly expenses of $750.34. Plaintiff does not have any dependents.  Under the Eleventh Circuit's holding that a plaintiff need not show that she is "absolutely destitute," this Court is of the opinion that the plaintiff is unable to pay the necessary fees and qualifies for indigent status**.**

**ii. Frivolous action**

In addition to establishing plaintiff's poverty, the district court must also conduct a frivolity screening pursuant to section 1915.  *Kelley v. Ga. Dep't of Corrs.*, 145 Fed. Appx. 329 (11th Cir. 2005).  A claim is frivolous if it is based on an indisputably meritless legal theory.  *Neitzke v. Williams*, 490 U.S. 319, 317 (1989) (applying section 1915).  This circuit has defined a frivolous appeal under section 1915 as being one "'without arguable merit.'"  *Harris v. Menendez,* 817 F.2d 737, 739 (11th Cir.1987) (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir.1976)).  "'Arguable means capable of being convincingly argued.'"  *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir.1990) (per curiam) (quoting *Menendez,* 817 F.2d at 740 n. 5);  *see Clark,* 915 F.2d at 639 ("A lawsuit [under section 1915(d)] is frivolous if the 'plaintiff's realistic chances of ultimate success are slight.'" (quoting *Moreland,* 899 F.2d at 1170)); *Sun v. Forrester*, 939 F.2d

924, 925 (11th Cir. 1991), *reh'g denied*, 503 U.S. 999 (1992); *see also Weeks v. Jones*, 100 F.3d 124, 127 (11th Cir. 1996) (stating that "[f]actual allegations are frivolous for purpose of [28 U.S.C.] § 1915(d) when they are 'clearly baseless;' legal theories are frivolous when they are 'indisputably meritless.'") (citations omitted)

Here, several of Plaintiff's claims were barred by statutes of limitations.  On all her remaining claims, Plaintiff was unable to provide evidence of a *prima facie* case. Applying the foregoing standard, Plaintiff's appeal is without a legal or factual basis and, as a result, the Court is compelled to find that it is frivolous.

**C. Conclusion**

Accordingly, it is ORDERED that the Plaintiff's Application to Proceed Without Prepaying Fees or Costs is DENIED.  Nothing in this ruling precludes the Plaintiff from petitioning the Eleventh Circuit Court of Appeals for leave to proceed with his appeal *in forma pauperis* or from proceeding with the appeal.  As the United States Supreme Court has explained

> [I]f from the face of the papers he has filed, it is apparent that the applicant will present issues for review not clearly frivolous, the Court of Appeals should then grant leave to appeal *in forma pauperis*, appoint counsel to represent the appellant and proceed to consideration of the appeal on the merits in the same manner that it considers paid appeals.

*Coppedge v. U.S.*, 369 U.S. 438, 446 (1962).

DONE this the 5th day of May, 2009.

                                        /s/ Mark E. Fuller
                        ───────────────────────────────────
                        CHIEF UNITED STATES DISTRICT JUDGE